UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COMMISSION FOR )
HUMAN RIGHTS, on behalf of )
Mardea Caulcrick-Grimes, )
Ernest Grimes and Janjay )
Grimes, )
    Plaintiffs, )
)
vs. ) 1:13-cv-445M
)
NOREEN D. GRAUL, Alias, )
PAUL T. DRISCOLL, Alias )
B.M. III LIMITED PARTNERSHIP, )
Alias, B.M. II LIMITED )
PARTNERSHIP, Alias, B.M. II )
CORPORATION, Alias d/b/a )
BRIARWOOD MEADOWS )
    Defendants. )

## ANSWER AND JURY DEMAND OF PAUL DRISCOLL, B.M. II CORPORATION AND BRIARWOOD MEADOWS LIMITED PARTNERSHIP

NOW COME Defendants Paul Driscoll, B.M. II Corporation and B.M. II Limited Partnership (as successor in interest to Briarwood Meadows Limited Partnership) and hereby answer the Second Amended Complaint:

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint.

### JURISDICTION AND VENUE

2-3. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations

contained in Paragraph 2 and 3 of Plaintiffs' Second Amended Complaint.

PARTIES

4. Defendants admit the allegations contained in Paragraph 4 of the Second Amended Complaint.

5-7. Defendants state that the entity known as Briarwood Meadows Limited Partnership was merged into BM II Limited Partnership in 1998 and no longer exists as a separate entity. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraphs 5-7 of Plaintiffs' Second Amended Complaint. To the extent that these allegations may be read to imply any wrongdoing on behalf of the Defendants, they are expressly denied.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9-11. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraphs 9-11 of Plaintiffs' Second Amended Complaint. To the extent that these allegations may be read to imply any wrongdoing on behalf of the Defendants, they are expressly denied.

## FACTUAL ALLEGATIONS

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint. To the extent that these allegations may be read to imply any wrongdoing on behalf of the Defendants, they are expressly denied.

14-27. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 14 through 27 of Plaintiffs' Second Amended Complaint. To the extent that these allegations may be read to imply any wrongdoing on behalf of the Defendants, they are expressly denied.

## COMMISSION ADMINISTRATIVE PROCEEDING

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint.

29-31. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 29 through 31 of Plaintiffs' Second Amended Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint.

## VIOLATIONS OF THE FAIR HOUSING ACTS

33. Defendants repeat their responses to the allegations contained in Paragraphs 1 through 32 of Plaintiffs' Second Amended Complaint.

34-37. Defendants deny the allegations contained in Paragraphs 34 through 37 of Plaintiffs' Second Amended Complaint.

*WHEREFORE*, Defendants pray that this Honorable Court dismiss Plaintiffs' Second Amended Complaint with prejudice, without fees or costs and award such other relief as it deems just.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.
2. Plaintiffs' Second Amended Complaint must be dismissed because the filing of the Second Amended Complaint is beyond the Agency's authority under State Law.
3. Plaintiffs' Second Amended Complaint must be dismissed because the claims contained therein exceed the scope of the original Commission Charge.

4

4. Plaintiffs' Second Amended Complaint must be dismissed because Plaintiffs failed to comply with administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

5. Plaintiffs' Second Amended Complaint must be dismissed because Defendants exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct.

6. Plaintiffs' Second Amended Complaint must be dismissed because even if Defendants' actions disparately impacted the protected group, Defendants were unaware of the disparate impact and did not act intentionally.

7. Plaintiffs' claims for relief are barred to the extent each Plaintiff has failed to mitigate such alleged damages.

8. Plaintiffs' equitable claims must be dismissed on the basis of the doctrine of unclean hands because even if Janjay Grimes was not counted as an "occupant" of the unit, the Grimes Plaintiffs were still in violation of Defendants' occupancy policy, as well as state and local occupancy codes, and would have been evicted on those grounds.

9. Plaintiffs' claims must be dismissed on the grounds that the filing of this lawsuit and any judgment that

might result from such filing violate Defendants' Due Process Rights.

10. Plaintiffs are estopped from claiming the damages they seek to recover.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all applicable counts.

Defendants,

PAUL DRISCOLL,
B.M. II CORPORATION,
B.M. II LIMITED PARTNERSHIP
(f/k/a BRIARWOOD MEADOWS LIMITED PARTNERSHIP),

By their attorney,

/s/ Joseph R. Daigle
Joseph R. Daigle, #5429
LAW OFFICE OF JOSEPH R. DAIGLE
1177 Greenwich Avenue
Warwick, RI 02886
(401)256-1417
Fax: (401)633-6217
jrd@jdaiglelaw.com

Dated: August 4, 2014

CERTIFICATE OF SERVICE

This document has been filed electronically and is available for viewing and downloading through the ECF system.

/s/ Joseph R. Daigle